# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-50784
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 10, 2013

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GILBERTO CORTEZ, also known as Gilbert Cortez, also known as Roberto Cortez,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 5:11-CR-974-1

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Gilberto Cortez appeals his jury trial conviction for possession of an unregistered sawed-off shotgun and possession of a firearm by a convicted felon. He contends that the district court erred when it (1) overruled his objection to the prosecutor's comment during opening arguments that the evidence would show that he moved in the direction of using the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

firearm and (2) denied his motion for a mistrial based on that comment.  He urges that the comment improperly raised the possibility of a violent, uncharged offense.  Cortez insists that the comment was improper because the government did not introduce any evidence showing that he intended to use the firearm.  He asserts that the comment prejudiced him by implying that he intended to shoot a police officer.  Cortez contends that the prosecutor magnified the improper comment by soliciting testimony regarding the dangerousness of the ammunition found in the shotgun and by stating during closing arguments that it was fortunate that other officers entered the residence behind the lead officer.  He claims that the comment deprived him of a fair trial because the evidence against him was weak.

In reviewing assertions of prosecutorial misconduct based on an allegedly improper remark, we perform a two-step analysis.  *United States v. McCann*, 613 F.3d 486, 494 (5th Cir. 2010).  We first determine whether the remark was improper.  *Id.*  If we conclude that the remark was improper, we review whether the remark affected the defendant's substantial rights.  *Id.*  In assessing whether an improper remark affected the defendant's substantial rights, we consider "(1) the magnitude of the statement's prejudice, (2) the effect of any cautionary instructions given, and (3) the strength of the evidence of the defendant's guilt."  *Id.* at 496 (internal quotations marks and citation omitted).  We review whether a remark was improper de novo, and we review a district court's determination that a remark did not affect the defendant's substantial rights and its denial of a mistrial motion for abuse of discretion.  *Id.* at 494-95.

The evidence presented by the government showed that Cortez was partially on a sofa reaching towards a second sofa when Officer Mark Gallardo entered the residence.  Further evidence showed that the shotgun was on the

armrest of the second sofa, in the area towards which Cortez was reaching. Even though the evidence also showed that Cortez quickly complied with Officer Gallardo's command to get back on the sofa and that Officer Gallardo could not see the object for which Cortez appeared to be reaching, there was sufficient evidence from which the prosecutor could argue that a reasonable inference from the evidence to be presented was that Cortez was reaching for the shotgun. *See United States v. Jenkins*, 442 F.2d 429, 434-35 (5th Cir. 1971).

The prosecutor's remark implied that Cortez was reaching for the shotgun and that he intended to use it. Arguments based on inferences are permissible, however, so long as the inferences are based on evidence presented at trial. *See United States v. Delgado*, 672 F.3d 320, 336 (5th Cir. 2012). Although no evidence was presented regarding the acts Cortez intended to carry out if he had reached the shotgun, the prosecutor's comment merely made the reasonable inference that Cortez intended to use the shotgun in an unspecified manner if he had reached it; and arguments concerning inferences regarding the defendant's intent are not improper if they are based on evidence. *See United States v. Andrews*, 22 F.3d 1328, 1342-43 (5th Cir. 1994). We have held that a prosecutor may not argue that the defendant committed offenses extraneous to the offenses being tried, but that holding involved extraneous offenses committed outside of the scope of the offense being tried. By contrast, the challenged statement in this case concerned only Cortez's actions at the time of the offense that was being tried. *See United States v. Murrah*, 888 F.2d 24, 26-27 (5th Cir. 1989). As prosecutors are allowed wide latitude in making arguments to the jury, Cortez has not shown that the challenged statement by the prosecutor was improper. *See United States v. Holmes*, 406 F.3d 337, 356 (5th Cir. 2005).

No. 12-50784

Moreover, even if the remark was somehow improper, Cortez has not shown that his substantial rights were affected. As explained above, the remark was marginally improper if it was improper at all, so it was not such a serious impropriety "that it permeate[d] the entire atmosphere of the trial." *United States v. Alaniz*, 726 F.3d 586, 616 (5th Cir. 2013) (internal quotation marks and citation omitted). Additionally, the district court instructed the jury that the statements of the attorneys were not evidence. And, contrary to Cortez's assertion, the evidence against him was strong. The undisputed evidence showed that Cortez was alone in a room where the shotgun was sitting in plain sight. This was sufficient to show that Cortez possessed the shotgun. *See United States v. Meza*, 701 F.3d 411, 421 (5th Cir. 2012). Given the minor nature of the possibly improper statement, the curative instruction, and the evidence against Cortez, he has not shown that his substantial rights were affected or that the district court abused its discretion by denying his request for a mistrial. *See United States v. Turner*, 674 F.3d 420, 439-40 (5th Cir. 2012).

AFFIRMED.